# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. ACKERMAN, | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00005 |
| v. | ) Judge Mark R. Hornak |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The matter currently before the Court is Plaintiff's Petition to Remand. This case was timely removed from the Court of Common Pleas of Allegheny County, Pennsylvania on January 3, 2012 based upon diversity jurisdiction, 28 U.S.C. § 1332.[1] (ECF No. 1). After the Defendant filed its Answer, Plaintiff filed the pending Petition to Remand pursuant to 28 U.S.C. § 1447(c). The remand petition has been fully briefed by the parties and is ripe for disposition. For the reasons stated below, the Petition is denied.

## I. FACTUAL BACKGROUND

The Complaint avers the following facts.[2] On April 21, 2008, Plaintiff was involved in a motor vehicle accident when Marcella Snee drove her car into the driver's side of Plaintiff's car

---

[1] This Opinion is corrected to reflect citation to 28 U.S.C. § 1332.

[2] Defendant has filed an Answer. While denying sufficient knowledge as to a number of the paragraphs of the Complaint, Defendant does not controvert the essential factual (as opposed to legal) averments of the Complaint.

at a high rate of speed. As a result of the accident, Plaintiff sustained serious injuries, including a crushed pelvis, seven fractured vertebrae, broken ribs, and severe sprain and strain to bones, joints, muscles, ligaments, tendons, and nerves. Plaintiff also alleges to have suffered emotional tension and anxiety as a result of the accident. Plaintiff has undergone numerous surgeries to repair the damage from the accident, some of which is permanent. Plaintiff asserts that although he was admitted for three (3) months in a rehabilitation facility and received extensive physical therapy, he remains permanently disabled from his employment as a custodian. (Complaint ¶ 13).

At the time of the accident, Plaintiff was the holder of motor vehicle insurance, designated policy number 0489782805, provided by the Defendant, effective April 15, 2008 until October 15, 2008 (the "Policy"). Under the Policy, Defendant agreed to provide up to $5,000 in first-party medical coverage and $100,000 in stacked underinsured motorist coverage on two (2) vehicles owned by Plaintiff and insured by Defendant. According to Plaintiff, the car driven by Marcella Snee at the time of the accident was an "underinsured motor vehicle," as defined by the Pennsylvania Motor Vehicle Financial Responsibility Law and by the Policy, because the total limit of bodily injury liability coverage available on Ms. Snee's car insurance policy was $250,000.

In January 2011, Plaintiff allegedly requested that the Defendant pay the $100,000 underinsured motorist coverage provided in the Policy. The Plaintiff claims that he has provided Defendant with all of the information required to properly adjust his claim and for Defendant to tender the $100,000 in owed underinsured motorist benefits to Plaintiff, including proof of insurance, witness statements, medical records, medical bills and proof of wage loss. (Complaint ¶¶ 18-19). The requests made by Plaintiff to Defendant have been refused. Id. at ¶ 20.

## II. **DISCUSSION**

In the Petition to Remand, Plaintiff asks the Court to remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania on the premise that the case lacks any issue of federal law and presents no federal issue for the Court to decide. Instead, according to the Plaintiff, this is a declaratory judgment case involving only issues of state law pertaining to the interpretation of the Policy and related conduct of the Defendant in allegedly failing to provide coverage under the Policy. Plaintiff cites to relevant Third Circuit precedent, and other cases from this Court, that according to Plaintiff instruct the Court to remand the instant case. See, e.g., State Auto Insurance Co. v. Summy, 234 F.3d 131 (3d Cir. 2000).

In response, Defendant argues that this Court should retain jurisdiction over this case because: (1) the Summy court's holding left it to a district court's sound discretion to decide whether to hear a declaratory judgment action in this setting; and (2) this case, where there is no dispute as to policy coverage, but merely a claim for money damages for non-payment of benefits under the Policy, is in reality a pure breach of contract action albeit one also invoking at Count I a claim for declaratory judgment.

After review of the Complaint, the Petition to Remand, the briefing in support of and opposition to the Petition, and the relevant legal authority, the Court is satisfied that it has federal subject matter jurisdiction over the action, and that retention of jurisdiction over this case is proper. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, any federal court *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a) (emphasis added). Courts are under no compulsion to exercise jurisdiction pursuant to the Declaratory Judgment Act. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (citing Brillhart v. Excess Ins. Co. of America, 316

U.S. 491, (1942)). District courts are authorized to stay or dismiss an action seeking a declaratory judgment. Wilton, 515 U.S. at 288. In exercising its discretion to determine whether hearing declaratory judgment cases is appropriate, a court should consider: (1) whether the questions in controversy are being handled in a parallel state court proceeding; (2) the scope of the parallel state court proceeding; (3) the nature of the defenses available in state court; and (4) whether the claims of all parties in interest can be adjudicated satisfactorily in that parallel proceeding. State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001) (citing Brillhart, 316 U.S. at 495, 62 S. Ct. 1173).

Plaintiff points to cases that have been remanded by other members of this Court for the proposition that federal courts should hesitate (if not refuse) to entertain declaratory judgment actions when the case presents issues restricted to matters of state law. Petition to Remand ¶ 8. However, as the Defendant notes, those cases are factually and procedurally distinguishable from the instant case; they each involved either unsettled state law issues currently being litigated in an underlying state court action, see Marino v. GEICO Gen. Ins. Co., No. 10-cv-0414 (W.D. Pa. April 26, 2010); Web.com, Inc. v. Federated Ins. Co., No. 06-cv-1032, 2007 WL 4377609 (W.D. Pa. December 11, 2007), or sought declaratory relief only, see Dixon v. Progressive Northern Ins. Co., No. 08-cv-1010, 2008 WL 4072816 (W.D. Pa. Aug. 27, 2008); see also Allstate Property & Cas. Ins. Co. v. Owens, No. 11-cv-0004, 2011 WL 94412 (W.D. Pa. Jan. 11, 2011); Dairyland Ins. Co. v. Warman, No. 10-cv-1476, 2011 WL 338655 (W.D. Pa. Feb. 3, 2010).

This case does not involve any parallel pending state court action, and, importantly, the Plaintiff brings both breach of contract and bad faith claims in addition to the declaratory relief

sought.³ Further, and critically, neither the Complaint nor the Answer ask, nor seemingly require, that this Court parse technical policy language, resolve thorny insurance coverage issues, or wade into uncharted waters of Pennsylvania law. Instead, Counts I and II of the three (3) count Complaint focus on the same comparatively routine remedial goal – payment by the Defendant to the Plaintiff of $100,000 in underinsured motorist insurance Policy proceeds. Neither the claims asserted, nor the defenses interposed, call only (or even essentially) for a declaration of policy applicability, as was the central issue in those cases in which this Court has declined, in the face of an underlying pending state court action, to retain and exercise jurisdiction in this federal forum. Thus, it does not appear that adjudication of this action engages the jurisdictional, precedential, judicial economy or comity concerns so cogently outlined by Judge Weis in Summy. This case instead appears to involve the application of well-settled Pennsylvania law. There is no underlying state court action that creates an existing, and more apt, forum for adjudication of these claims. There is no battle over the application of Policy language. That it presents no federal question, nor promotes any particular federal substantive law interest, is of no special moment as that is often (if not usually) the case in any civil action invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.

The Court is thus satisfied that it has properly-invoked diversity and removal jurisdiction, expressly authorized by the Constitution and laws of the United States, to determine this dispute of these parties in this case, and finds no basis to conclude that it is inappropriate to do so. As noted above, none of the factors noted by the court of appeals in Summy are presented here. There is no pending state court action. Summy, 234 F.3d at 134. There is no claim or defense

---

³ Notably, Plaintiff's Complaint has demanded a jury trial generally on its cover sheet, and specifically as to the breach of contract claim asserted in Count II. Interestingly, the Plaintiff's remand petition (ECF No. 6) makes no mention of the breach of contract claim that he has asserted, and for which he specifically requests trial by jury.

whose validity turns on the analysis or application of "close or unsettled" state law. Summy, 234 F.3d at 135. There is no claim that this Court must interpret and then apply Policy provisions in order to resolve a fundamental coverage issue. Allstate, 2011 WL 94412, at *1. In short, to decline to exercise the jurisdiction Congress has vested in this Court in this case would require this Court to conclude that it must do so in any case arising from the non-payment of benefits under an insurance policy in which one of the several claims asserted is for declaratory relief. We do not conclude that the law of this Circuit directs that result, and we decline to adopt such a rule here. Therefore, the Petition to Remand is denied.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: April 19, 2012

cc: All counsel of record